J-S29023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JAMES CHARLES BARNES | |
| Appellant | No. 2576 EDA 2016 |

Appeal from the PCRA Order dated July 27, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000481-2007

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:          **FILED AUGUST 17, 2017**

Appellant, James Charles Barnes, appeals from the order entered by the Monroe County Court of Common Pleas dismissing his second Post Conviction Relief Act ("PCRA")[1] petition as untimely. Appellant contends he is entitled to relief for his ineffectiveness-of-counsel claim under ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016), and ***McQuiggin v. Perkins***, 133 S. Ct. 1924 (2013). He suggests that when read together, ***McQuiggin*** and ***Montgomery*** establish that no PCRA time bar applies when there is "an important constitutional right at issue," including the right to effective assistance of counsel (the right asserted here). We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Review of the facts underlying Appellant's convictions is unnecessary for our disposition. Suffice to say that on May 8, 2007, Appellant was convicted of two counts each of rape, involuntary deviate sexual intercourse, statutory sexual assault, sexual assault, endangering the welfare of a child, corruption of minors, aggravated indecent assault, and indecent assault. PCRA Ct. Op., 9/20/16, at 1 (unpaginated). Appellant was sentenced to 34 to 68 years' imprisonment and appealed to this Court, which affirmed the judgment of sentence on July 15, 2008. *Commonwealth v. Barnes*, 959 A.2d 957 (Pa. Super. 2008). Appellant did not petition to appeal to the Pennsylvania Supreme Court. Pet. for Post-Collateral Relief, 6/13/16, at 2 (unpaginated).

Appellant filed a timely *pro se* PCRA petition on July 9, 2009. PCRA Ct. Op. at 2 (unpaginated). The PCRA court appointed Jason Leon, Esq., as counsel. Attorney Leon filed an amended PCRA petition alleging ineffectiveness of Appellant's counsel at the trial and appellate level. *Id.* The PCRA court denied the petition on May 19, 2010. *Id.* Appellant timely appealed to this Court. *Id.*

While his appeal was pending, Appellant retained new counsel, S. Lee Ruslander, Esq., who filed a petition to remand the case to the PCRA court to develop a claim of ineffectiveness against all prior counsel, including Attorney Leon. Pet. for Post-Collateral Relief, 6/13/16, at 2 (unpaginated).

2

This Court deferred decision on the petition to remand,[2] and subsequently denied appellate relief on September 7, 2011. ***Commonwealth v. Barnes***, 34 A.3d 216 (Pa. Super. 2011), ***appeal denied***, 44 A.3d 1160 (Pa. 2012). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 15, 2012. ***Id.***

Appellant filed a second, counseled PCRA petition on June 13, 2016. Pet. for Post-Collateral Relief, 6/13/16. On June 21, 2016, the PCRA court issued a notice of its intent to dismiss the petition pursuant to Rule 907 of the Rules of Criminal Procedure. Rule 907 Notice, 6/21/16.[3] Appellant filed a timely response on July 15, 2016. On July 28, 2016, the PCRA court dismissed Appellant's petition as untimely. Order, 7/28/16.

Appellant timely appealed and presents us with a single appellate issue:

> Whether the Court of Common Pleas of Monroe County erred in denying and dismissing [Appellant's] Petition for Post-Collateral Relief without an evidentiary hearing in as much as the Petition for Post-Collateral Relief raised material issues of fact on its claims which had merit?

Appellant's Brief at 3.[4]

---

[2] The record does not reflect whether this Court ever explicitly ruled on the petition to remand. The certified record lacks any reference to the portion of the proceedings that featured Attorney Ruslander.

[3] The Notice was docketed on June 20th, but the docket reflects that it was mailed the next day.

[4] On May 1, 2017, Appellant filed a petition to amend his appellate brief to allege additional instances of ineffectiveness by Attorney Leon. Pet. to

*(Footnote Continued Next Page)*

Before examining the merits of an appellant's claims, we must determine whether the post-conviction petition is timely. The timeliness of a post-conviction petition is jurisdictional — if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). To be timely,

> [a]ll PCRA petitions must be filed within one year of the date a judgment of sentence becomes final unless the petitioner pleads and proves that (1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); [*Commonwealth v.*] *Robinson* [, 837 A.2d 1157, at 1161 (Pa. 2003)].

*Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008). It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies; whether this burden has been carried is a "threshold inquiry that must be resolved prior to considering the merits of any claim." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (citation omitted). Couching an otherwise untimely PCRA petition in terms of ineffectiveness of counsel will not save it from the PCRA's time restrictions. *Commonwealth v. Lesko*, 15 A.3d 345, 367 (Pa. 2011) (citing *Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001)).

---

*(Footnote Continued)*

Amend Appellant's Br., 5/1/17. We deny Appellant's request because, as explained below, Appellant failed to overcome the PCRA's time-bar. The Commonwealth did not file a brief in this case.

4

We agree with the PCRA court that Appellant's second PCRA petition is untimely. Appellant's judgment of sentence became final on August 14, 2008 — thirty days after the Pennsylvania Superior Court affirmed. Therefore, Appellant had until August 14, 2009, to file a timely PCRA petition. Appellant filed his instant, second PCRA petition well beyond that deadline, on June 13, 2016.

To overcome the one-year time-bar, Appellant was required to plead and prove one of the PCRA's three timeliness exceptions. **See Robinson**, 139 A.3d at 186. Appellant never explicitly invokes any of the exceptions in his brief. However, he implicitly points to the third — assertion of "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," 42 Pa. C.S. § 9545(b)(iii) — by arguing that effective assistance to counsel is an "important constitutional right" that he should be allowed to raise at any time, regardless of the PCRA's time-bar. Appellant's Brief at 7. Appellant fails to meet the requirements of this exception, however, because, like the defendant in **Robinson**, his petition does not refer to any decision recognizing a new, retroactively applied right to effective counsel.[5] Like the

---

[5] In order to invoke the newly-recognized constitutional right exception to the PCRA, a petition must point to specific decisions granting retroactive effect to a newly recognized right. **See Robinson**, 139 A.3d at 186 (rejecting the defendant's untimely PCRA petition alleging ineffectiveness of counsel for, among other reasons, failing to refer to any new, retroactive

*(Footnote Continued Next Page)*

defendant in *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013), Appellant fails to establish that he relies on a right that is "newly recognized," rather than longstanding.

Appellant contends that the PCRA court had jurisdiction to entertain his untimely second PCRA petition because *Montgomery*, read alongside *McQuiggin*,[6] "meant [that] any important constitutional right can be raised and argued in state PCRA courts no matter a time bar," including the "important constitutional right" of "effective assistance of counsel." Appellant's Brief at 9. The PCRA court rejected Appellant's *Montgomery* argument, reasoning that since "[n]o case relevant to [Appellant's] has announced a new substantive rule under the Constitution," *Montgomery* is not applicable. Rule 907 Notice, 6/21/16. In this Court, Appellant seeks to use *McQuiggan* to bolster his argument by pointing out that *McQuiggin* held that (1) a "plea of actual innocence can overcome [a] habeas statute of limitations," and (2) that "federal habeas courts may invoke [a] miscarriage of justice exception to justify consideration" of state court claims that

_____
*(Footnote Continued)*

constitutional right recognized after his conviction was finalized); *see also Commonwealth v. Feliciano*, 69 A.3d 1270, 1276-77 (Pa. Super. 2013) (rejecting the petitioner's argument that recent U.S. Supreme Court cases created a new, retroactive constitutional right to effective counsel, reasoning that the right to effective counsel "has been recognized for decades," and that the cases cited did not create a new right but rather applied the Sixth Amendment to particular circumstances).

[6] Appellant cites *McQuiggin* for the first time on appeal. He made no mention of the case in his PCRA petition or Rule 1925(b) statement.

defaulted under state timeliness rules.  ***Id.***  Appellant's argument is unavailing.

Federal decisions about federal *habeas corpus* law, like ***McQuiggin***, are irrelevant to construction of the PCRA's timeliness requirements.  In ***Commonwealth v. Brown***, 143 A.3d 418, 420-21 (Pa. Super. 2016), the defendant cited ***McQuiggin*** to argue that the PCRA's time-bar should not apply to his untimely PCRA petition that asserted actual innocence because the U.S. Supreme Court in ***McQuiggin*** held that convincing claims of actual innocence could overcome the statute of limitations for filing a federal *habeas corpus* petition.  ***Id.*** at 420.  Rejecting that argument, this Court emphasized that ***McQuiggin*** represented only a development in **federal** *habeas corpus* law, which has no effect on state court construction of the PCRA's time bar, since a "change in federal law is irrelevant to the time restrictions of our PCRA." ***Id.*** at 421.

Pennsylvania courts do not have jurisdiction to create extra-statutory exceptions to the PCRA's time-bar.  ***Robinson***, 139 A.3d at 187.  In ***Robinson***, the Pennsylvania Supreme Court rejected the defendant's proposed exception to the PCRA time-bar for facially untimely PCRA petitions challenging the performance of prior PCRA counsel.  ***Id.***  In support of his exception, the defendant cited two recent U.S. Supreme Court decisions[7]

---

[7] The defendant cited ***Martinez v. Ryan***, 132 S. Ct. 1309 (2013), and ***Trevino v. Thaler***, 133 S. Ct. 1911 (2013).  ***See Robinson***, 139 A.3d at 183 n.7 (summarizing both cases).

that "altered the federal law of procedural default to allow post-conviction petitioners to have their waived claims of trial counsel ineffectiveness reviewed in federal habeas corpus proceedings where post-conviction counsel never raised such claims." *Id.* at 183. Our Supreme Court held that the defendant's —

> proposed [exception] would be in direct contravention of the legislatively created time-bar of the PCRA and the limited statutory exceptions provided therein. This Court has no authority to carve out equitable exceptions to statutory provisions and the federal jurisprudence cited by [the defendant] neither requires nor authorizes our doing so.

*Id.* at 187.

Appellant's citation of *Montgomery* and *McQuiggin* does not render his petition timely, as neither case suggests the existence of a newly recognized right to effective counsel. The U.S. Supreme Court in *Montgomery* never mentioned ineffectiveness of counsel, much less announced a new substantive right or rule on the matter. *McQuiggin* is inapposite for reasons similar to those given by this Court in *Brown*; even if Appellant had timely invoked *McQuiggin* and not cited it for the first time on appeal, it would remain irrelevant to our construction of the PCRA's time limitations. Like the defendant's argument in *Robinson*, Appellant's suggested interpretation of *Montgomery* — that any "important" constitutional right may be raised at any time by a PCRA petitioner, regardless of time-bar — would directly contravene the PCRA's legislative mandate and require this Court to exceed its authority by creating a new

8

exception to a statutory provision. Appellant's reading would significantly undermine the PCRA's jurisdictional time limits; any time a right was characterized as "important" (a vague and overly general standard), those limits would become inapplicable. As explained in **Robinson**, we lack authority to carve out exceptions to the PCRA's limits that are not already in the statute.

Because we agree with the PCRA court that Appellant's petition was untimely and **Montgomery** does not cure its untimeliness, we affirm the dismissal.

Petition to amend Appellant's brief denied as moot. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017